**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**                    JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01544-DOC-DFMx                    Date:  July 16, 2024

Title: Inland Empire Holding, LLC v. Finding Freedom Recovery, LLC et al

PRESENT:     THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):  **ORDER SUA SPONTE REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

The Court, on its own motion, hereby remands this case to Orange County Superior Court.

## I.     Background

This case appears to be a routine unlawful detainer action and was originally filed in Orange County Superior Court. On July 12, 2024, Defendant removed the case to this Court, asserting federal question jurisdiction.

## II.    Legal Standard

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Whether a claim arises under federal law for removal purposes is determined by the same "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  "This rule makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01544-DOC-DFMx                                    Date: July 16, 2024
                                                                                          Page 2

Cir.2000). Thus, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).

### III.    Discussion

Defendant has not met his burden to show that removal is proper. The underlying complaint asserts a claim for unlawful detainer under state law for unpaid rent. Consequently, no federal question is presented on the face of Plaintiff's complaint. *See Bank of Am., Nat'l Ass'n v. German*, 2019 WL 2353630, at *2 (S.D. Cal. June 4, 2019) ("Because this complaint contains only a state unlawful detainer action, no federal question is presented."); *Cooper v. Washington Mut. Bank*, 2003 WL1563999, at *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction.").

Further, Defendant's reliance on the Protecting Tenants at Foreclosure Act of 2009 ("PFTA") does not establish federal question jurisdiction. The alleged violations of that law are, at most, a potential defense to Plaintiff's claims or could be asserted as counterclaims against Plaintiffs. *See Wescom Credit Union v. Dudley*, 2010 WL 4916578, at * 2 ("The PFTA[] . . . offers [Defendant] a federal defense to an unlawful detainer action . . . [a] federal defense, however, does not support federal-question jurisdiction."). Accordingly, there is no federal question presented by this action. *See Franchise Tax Bd.*, 463 U.S. at 14.

### IV.    Disposition

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court for the County of Orange.  Defendant's request to proceed in forma pauperis (dkt. 3) is **DENIED AS MOOT**.

The Clerk shall serve this minute order on the parties.

                                                                  Initials of Deputy Clerk: kdu